MANIX REED V. THE STATE.

No. 11625.   Delivered May 16, 1928.

**Assault to Murder—New Trial—After Plea of Guilty—Properly Refused.**

Where appellant had entered a plea of guilty to a charge of an assault with the intent to murder, and requested a new trial, supported by his own affidavit, to the effect that he was an ignorant man and did not fully comprehend the meaning of this plea of guilty, though he admitted that the court fully advised him as to the effect of the plea, such plea under the circumstances stated was not such as to justify this court in overturning the verdict, which has the sanction of the trial court.

Appeal from the District Court of Waller County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for an assault with the intent to murder, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — The offense is assault with intent to murder, punishment fixed at confinement in the penitentiary for a period of two years.

The indictment is regular. There are no complaints of the procedure. A new trial was sought upon the averment of the appellant, supported by his affidavit, that he was an ignorant

man and did not fully comprehend the meaning of the plea of guilty. It is not claimed that he was misled in any way. He admits that the court fully advised him as to the effect of his plea but claims that he thought the jury would have discretion to convict or acquit him. The evidence introduced is sufficient to show that the appellant shot the injured party named in the indictment. No matter is set up in the motion except that it is claimed therein that the appellant, observing that Bennie Williams was about to shoot another negro, grabbed Williams' pistol and a tussle ensued in which the pistol was accidentally discharged twice and Williams was injured. This testimony is in conflict with that given by the witness, who testified upon behalf of the state. The motion for new trial is supported alone by the appellant's affidavit, and under the circumstances stated was not such as to justify this court in overturning the verdict which has the sanction of the trial court.

The judgment is affirmed.

*Affirmed.*